IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEVONA MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAVITCH, BLOCK & RATHBONE, LLP, )<br>)<br>Defendant. ) | 1:09CV281 JTM |

## COMPLAINT

NOW COMES the Plaintiff, DEVONA MILLER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, JAVITCH, BLOCK & RATHBONE, LLP, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DEVONA MILLER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ligioner, County of Noble, State of Indiana.

1

5. JAVITCH, BLOCK & RATHBONE, LLP, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Indiana. Defendant is registered as a limited liability partnership in the State of Ohio.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around January 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. In or around January 2009, Defendant proceeded to contact Plaintiff's mother for the purposes of acquiring location information and, despite no express request to do so, Defendant identified the name of Defendant.

12. In or around January 2009, Defendant proceeded to contact Plaintiff's mother for the purposes of acquiring location information and disclosed to Plaintiff's mother that Defendant was calling to collect a debt allegedly owed by Plaintiff.

13. In or around January 2009, Defendant proceeded to contact Plaintiff's mother on multiple occasions.

2

14. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around January 2009, Defendant proceeded to contact Plaintiff's mother and disclosed that it was a debt collector, that Plaintiff owed a debt and the amount of the debt allegedly owed by Plaintiff.

15. Plaintiff did not consent to Defendant contacting third parties.

16. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's mother.

17. On multiple occasions, Defendant has contacted Plaintiff more than three (3) times in a single day.

18. During the course of its communications with Plaintiff, Defendant has been verbally abusive by shouting at Plaintiff and stating that if she does not pay the debt then she her account will be annotated that Plaintiff is a refusal.

19. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

3

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

e. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

f. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

g. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

h. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEVONA MILLER, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

4

  b.  Statutory damages of $1,000.00;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEVONA MILLER**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: October 8, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us